# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON DIVISION

| | |
|---|---|
| **LESLIE JAY SHAYNE,** | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) **CIVIL ACTION NO.**<br>) **8:18-cv-03057-TMC-KFM**<br>) |
| **DISCOVER BANK,** | ) **Memorandum of Law in Support**<br>) **of Motion to Quash the** |
| **Defendant.** | ) **November 15, 2018 Show Cause**<br>) **Order, Quash Any Subsequent** |
| **IN RE: Leslie Jay Shayne a/k/a Les Shayne, Petitioner,** | ) **Orders from the Probate Court**<br>) **and, Enjoin the Probate Court**<br>) **from Further Proceedings** |
| **IN THE MATTER OF CHARLOTTE SHAYNE, an incapacitated person** | )<br>)<br>) |

Defendant Discover Bank ("Discover") submits this Memorandum of Law in Support of its Motion to Quash, stating as follows:

When a State court receives notice that an action pending before it has been removed to federal court, the "State court shall proceed no further unless and until the case is remanded." *See* 28 U.S.C. 1446(d). A State court loses jurisdiction over a case when it is removed to federal court, and any subsequent proceedings after removal are void. *See Ackerman v. Exxon Mobil Corp.*, 734 F.3d 237, 249 (4th Cir. 2013) ("[W]e agree with the Defendants that the statute deprives the state court of further jurisdiction over the removed case and that any post-removal actions taken by the state court in the removed case action are void *ab initio*."). Despite the Congressional mandate in 28 U.S.C. § 1446, the Probate Court of Oconee County, South Carolina ("Probate Court") has scheduled a Show Cause Hearing for Monday, November 19, 2018, even though the Probate Court received Notice on November 9, 2018 that Discover had removed this case to federal court. *See* **Exhibits A-B**. Accordingly, Discover moves to quash the November 15, 2018 Show Cause Order,

quash any subsequent orders from the Probate Court, and enjoin the Probate Court from any further proceedings.

The Probate Court's Show Cause Order violates the All Writs Act, the Anti-Injunction Act, and 28 U.S.C. § 1446(d). The All Writs Act states that a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. However, the All Writs Act is subject to limitations expressed in the Anti-Injunction Act, which provides as follows: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

One of the recognized statutory exceptions to the prohibition of the Anti-Injunction Act is the federal removal statute's instruction that, after removal, "the State court shall proceed no further unless and until the case is remanded." *See* 28 U.S.C. 1446(d); *see also Vendo Co. v. Lektro–Vend Corp.*, 433 U.S. 623, 640 (1977) ("The statutory procedures for removal of a case from state court to federal court provide that the removal acts as a stay of the state-court proceedings."); *Mitchum v. Foster*, 407 U.S. 225, 234 (1972) (reiterating that removal to federal court is a situation where there is an express authorization to enjoin state court proceedings). **"Section 1446(d), with its 'proceed no further' directive, has generally been understood to expressly authorize injunctions of state courts ignoring that directive."** *Ackerman v. Exxon Mobil Corp.*, 734 F.3d 237, 250 (4th Cir. 2013) (emphasis added).

According to this explicit authority, Discover asks the Court to quash the November 15, 2018 Show Cause Order, quash any subsequent orders from the Probate Court, and enjoin the Probate Court from proceeding in this matter, unless this action is remanded. Here, this matter was

2

removed to federal court on November 9, 2018, and this Court has diversity jurisdiction over this case. The Probate Court's November 15, 2018 Show Cause Order "constitutes an attempt to subvert federal removal jurisdiction." *Vigil v. Mora Indep. Schs.*, 841 F. Supp. 2d 1238, 1241 (D.N.M. 2012). Thus, "[a]ccording to § 1446(d), the All Writs Act, and the Anti–Injunction Act, this Court has express Congressional authorization to enjoin such state court proceedings in order to aid in its jurisdiction." *Id.* Accordingly, Discover respectfully requests that this Court quash the November 15, 2018 Show Cause Order, quash any subsequent orders from the Probate Court, and enjoin the Probate Court from proceeding further "unless and until the case is remanded." 28 U.S.C. § 1446(d).

Respectfully submitted this 16th day of November, 2018.

> */s/ David A. Elliott*
> David A. Elliott, Fed Bar No. 11538
> Ryan S. Rummage, Fed Bar No. 12753
> BURR & FORMAN LLP
> 420 North 20th Street, Suite 3400
> Birmingham, Alabama 35203
> Telephone: (205) 251-3000
> Facsimile: (205) 458-5100
> delliott@burr.com
> rrummage@burr.com
>
> Attorneys for Defendant
> DISCOVER BANK

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by directing same to Plaintiff's office address by Federal Express and email, on this the 16th day of November, 2018:

Leslie Jay Shayne
P.O. Box 503
109 North Catherine Street
Walhalla, SC 29691
Fax: (864) 638-5146

*/s/ David A. Elliott*
OF COUNSEL

4

32612897 v1